## STATE ex BRACKEN v WEBER

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17261. Decided March 27, 1939

Wm. C. Bracken, for relator.

T. J. Herbert, Columbus, Atty General and Perry Graham, Cleveland, Asst. Atty. General, for respondent.

## OPINION

### By TERRELL, PJ.

Relator filed his petition requesting a writ of mandamus to compel the respondent, the deputy registrar of motor vehicles, to accept his application for registration of a motor vehicle and issue to him certificate of such registration and the duplicate number plates for the year 1939.

Relator's application was in proper form and he tendered the proper amount of money for the license tax to the deputy registrar for the particular automobile he desired registered, but refused to pay said deputy registrar the amount of twenty-five cents (25c) in addition to the amount of tax provided. The deputy registrar thereupon refused to accept relator's application or to issue to him the certificate of registration or assign to him the distinctive number plates on the ground that said applicant refused to comply with §6294, GC, which provides:

"Each deputy registrar shall be allowed a fee not to exceed twenty-five cents (25c) for each application received by him, which shall be in addition to the license fee * * *."

Relator claims that the demand of the deputy registrar for this fee of twenty five cents (25c) is not permitted by statute and that he, the deputy registrar, is required to issue such certificate and plates without the payment of said twenty-five cents (25c) by the applicant.

The brief of relator contains many other complaints but it appears to me that the solution of the question presented to us revolves about an interpretation of §6294, GC which contains the following language:

"Each deputy registrar shall be allowed a fee not to exceed twenty-five cents (25c) for each application received by him, which shall be in addition to the license fee and shall be for the purpose of compensating the deputy registrar for his services and the services of such assistants, clerks, stenographers and other employees, office and rental expenses as may be necessary for the proper discharge of his duties under this Act required in the receiving of applications and the issuing of licenses."

Relator claims that the phrase "shall be allowed a fee" is very indefinite. He claims that the most reasonable interpretation to be given to that phrase is that he shall be allowed a fee from the state treasury but not from the applicant. He further contends that the language of this section does not say or require that the applicant shall pay the fee not to exceed twenty-five cents, nor is there any language in said section which designates when such fee shall be paid.

Now we proceed to an analysis of the meaning of the quoted part of §6294 GC. On its face it is apparent beyond question that the fee, not to exceed twenty-five cents (25c) is to be paid by the applicant with the filing of the application. The designation of the purpose for which this fee is to be allowed to the deputy registrar seems to be conclusive that the fee is to be handed to the deputy registrar by the applicant for the purpose of compensating the deputy registrar for his services in connection therewith and for his expenses in discharging said duties. None of the sections of the statutes

which create the department of registrar of motor vehicles and the office of deputy registrar, provide any definite salary as remuneration for the services of the deputy registrar. The only provision in the statutes for his compensation is found in that part of §6294, GC, above quoted.

This whole §6294 GC, provides procedure to be adopted when an applicant desires to register his motor vehicle and provides that he shall do "at the time of making such application." The whole tenor of the section would indicate that the fee to be allowed to the deputy registrar shall be paid by the applicant "at the time of making such application." This very section provides further that "each deputy registrar shall, upon receipt of any application for registration, together with the license fee, transmit such fee to the registrar of motor vehicles." The statute does not provide that the deputy registrar shall transmit to the registrar the fee "not to exceed twenty-five cents (25c)," which the statute says shall be in addition to the license fee. It would follow from a consideration of this whole section that the so-called license fee or tax shall be sent to the registrar by the deputy registrar but that the fee "which shall be in addition to the license fee" may be retained by the deputy registrar.

We therefore come to the conclusion that the language expressed in this §6294, GC, clearly authorizes the deputy registrar to charge and collect from the applicant at the time of making such application, a fee not to exceed twenty-five cents (25c) for each such application, which shall be in addition to the license fee and that he may retain this fee for the purpose of compensating him for his services and expenses as in the statute described.

We are not concerned with the wisdom of this enactment. Many years ago public officials throughout the state were remunerated for their services on the fee basis. Many public officials were enabled thereby to gather in enormous amounts of money for their personal use and benefit. It seemed at that time to be a crying evil which attracted the attention of the legislative body of the state. Thereupon the policy of allowing public officials to retain fees in office as and for their personal compensation was abrogated. Apparently the legislature now under this §6294, GC, has returned partly to the old fee sytem which was condemned years ago.

We have no doubt but what the legislature has the power to enact such a law. Pertaining to the wisdom of re-adopting as a public policy of this state the fee system in public office, we express no opinion.

Relator complains that the fee of not to exceed twenty-five cents (25c) allowed to the deputy registrar being in the nature of a fee for issuing a license, under the law should not be greater than would provide for the expenses of administering the issuance of the licenses themselves. Some slight evidence in the record shows some of the expenses of this particular respondent. But all of the evidence introduced on this subject is not sufficient for us to draw the conclusion that this fee, not to exceed twenty-five cents (25c), is exorbitant. So, upon the merits of this contention, made by relator, we do not pass, excepting to say that the meager evidence presented on the subject in this particular case is not sufficient for us to conclude that the fee itself is exorbitant.

Reviewing this whole set of statutes we come to the conclusion that there is a definite requirement that each applicant, in addition to the license fee, shall pay as a condition precedent to his obtaining certificate of registration, or license, a fee not to exceed twenty-five cents (25c) to the deputy registrar in addition to the license tax before there is a duty upon the deputy registrar to issue said certificate of registration and distinctive number plates.

The writ of mandamus requested by relator will therefore be denied and his petition is dismissed.

LIEGHLEY, J. and ROSS, J., concur.